United States District Court
Southern District of Texas

**ENTERED**
April 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PLANET HOME LENDING, LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-00387 |
| | § | |
| ERNEST WATERWALL, ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

The Court ordered the appearing Parties, Plaintiff and Defendant United States of America ("United States"), to brief the issue of subject matter jurisdiction.[1] ECF 25. For the reasons discussed below, the Court RECOMENDS that Plaintiff's claims be DISMISSED for lack of subject matter jurisdiction.

### I.      Factual and Procedural Background.

This is a foreclosure case concerning a property which secured a loan made to Defendant Ernest Waterwall, against whom default has been entered. ECF 1 ¶¶ 4-7; ECF 13. Defendant United States has a lien interest in the property through the Secretary of Housing and Urban Development. ECF 1-1 at 28-34; ECF 16 ¶ 14.

Plaintiff's Complaint contains only a state-law claim for breach of contract against Defendant Waterwall. ECF 1 ¶¶ 6-13. The Complaint brings no cause of

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 22.

action against the United States but merely names it as a title interest. *Id.* ¶ 14. Nevertheless, Plaintiff alleges federal question jurisdiction based on a claim against an agency or officer of the United States. *Id.* ¶ 1.

On January 15, 2026, the Court notified the appearing Parties of the potential lack of subject matter jurisdiction and ordered them to brief the issue. ECF 25. Plaintiff filed a brief arguing that the Court has subject matter jurisdiction based on federal question jurisdiction and supplemental jurisdiction. ECF 29 at 1-2. Defendant United States responded that a basis for federal question jurisdiction never existed, and therefore the Court cannot exercise supplemental jurisdiction. ECF 30.

## II.    Legal Standards.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts have a duty to examine sua sponte the basis for subject matter jurisdiction. *Union Planters Bank Nat. Assn. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). The party asserting jurisdiction bears the burden of establishing jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III.    Analysis.

Federal question jurisdiction applies to actions "arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331) and is

established when a "plaintiff's well-pleaded complaint raises issues of federal law." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (internal quotation marks and citation omitted). "Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016).

Plaintiff alleges federal question jurisdiction because it "was required to name United States to foreclose its senior lien and determine lien priority" pursuant to 28 U.S.C. § 2410(a). ECF 29 at 1. *See also* ECF 1 ¶ 1; 28 U.S.C. § 2410(a) (allowing the United States to "be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to foreclose a mortgage or other lien upon . . . real . . . property on which the United States has or claims a mortgage or other lien."). Plaintiff argues this federal question allows the Court to exercise supplemental jurisdiction over its state-law claim against Defendant Waterwall.

Plaintiff fails to allege federal question jurisdiction because 28 U.S.C. § 2410(a) "only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction." *Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002). As explicitly stated in the statute, § 2410(a) operates in conjunction with 28 U.S.C. § 1444, thereby allowing plaintiffs to name the United States as a lienholder in state-law foreclosure actions and the United States to remove those

actions from state court.  *See Hussain*, 311 F.3d at 629 (explaining the "conditional relationship" between Sections 1444 and 2410); *Lewis v. Hunt*, 492 F.3d 565, 571 (5th Cir. 2007) ("[I]n interpreting and applying Section 2410 we must be mindful of its purpose and history as a lien removal statute.").  Courts in this Circuit regularly dismiss similar cases for lack of jurisdiction.  *See Planet Home Lending, LLC v. Rivera*, No. 3:25-CV-2550-E-BN, 2025 WL 3635837, at *2 (N.D. Tex. Oct. 29, 2025) (recommending dismissal for lack of subject matter jurisdiction in a case with similar facts filed by same Plaintiff and counsel), *report and recommendation adopted*, No. 3:25-CV-2550-E-BN, 2025 WL 3634192 (N.D. Tex. Dec. 12, 2025); *Lakeview Loan Servicing LLC v. Lee*, No. 3:25-CV-00525-S-BT, 2025 WL 3221472, at *2 (N.D. Tex. Oct. 22, 2025) (explaining 28 U.S.C. § 2410 cannot be the basis of jurisdiction under similar facts), *report and recommendation adopted,* No. 3:25-CV-0525-S-BT, 2025 WL 3218913 (N.D. Tex. Nov. 17, 2025) (collecting cases).

To the extent Plaintiff argues the need to adjudicate the United States' lien rights creates federal question jurisdiction, that argument is similarly unavailing.  ECF 29 at 2 ("While Plaintiff does not contend that § 2410 independently creates federal question jurisdiction in every foreclosure action, the presence of the United States and the necessity of adjudicating its lien rights formed an integral part of the case as originally pled.").  Determination of its lien rights does not turn on federal

law, so the presence of the United States as lienholder cannot transform "a run-of-the-mill state law" claim into a federal question. *Lakeview Loan Servicing LLC v. Tennyson*, No. 3:25-CV-1232-L, 2026 WL 799709, at *4–5 (N.D. Tex. Mar. 23, 2026).

Plaintiff failed to allege any other basis for subject matter jurisdiction. Because no original subject matter jurisdiction exists, the Court cannot exercise supplemental jurisdiction under 28 U.S.C. § 1367.

## IV.   Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Plaintiff's claims be DISMISSED for lack of subject matter jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).   Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 06, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

5